Randall J. Sunshine, Esq. (SBN: 137363)
    rsunshine@linerlaw.com
Angela C. Agrusa, Esq. (SBN: 131337)
    aagrusa@linerlaw.com
Allen P. Lohse, Esq. (SBN: 236018)
    alohse@linerlaw.com
LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone:  (310) 500-3500
Facsimile:  (310) 500-3501

Attorneys for Defendant
NEVADA PROPERTY 1 LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SASAN MIRKARIMI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEVADA PROPERTY 1 LLC, a Delaware limited liability company DBA THE COSMOPOLITAN HOTEL OF LAS VEGAS, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. **'12CV2160 BTM DHB**<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>[28 U.S.C. sections 1332(d), 1441, 1446 and 1453] |

NOTICE OF REMOVAL OF CIVIL ACTION

14508/001/ 1001160v0.5

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, Defendant NEVADA PROPERTY 1 LLC DBA THE COSMOPOLITAN OF LAS VEGAS[1] ("Defendant"), contemporaneously with the filing of this Notice, is effecting the removal of the action described below from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California.

1. On or about July 12, 2012, Plaintiff SASAN MIRKARIMI ("Plaintiff") commenced an action in the Superior Court of the State of California for the County of San Diego entitled, *SASAN MIRKARIMI, individually and on behalf of all others similarly situated v. NEVADA PROPERTY 1 LLC, a Delaware limited liability company DBA THE COSMOPOLITAN HOTEL OF LAS VEGAS, and DOES 1-50, inclusive*, Case No. 37-2012-00100618-CU-MC-CTL (the "State Action"). Attached hereto as Exhibit "A" are true and correct copies of the Complaint and State Civil Case Cover Sheet (collectively, the "Complaint").

2. Exhibits "A" constitute all the process, pleadings, notices and orders delivered to any party in the State Action, and are hereby incorporated by reference.

3. On August 1, 2012, Defendant was served with the Complaint via its registered agent for service of process. Accordingly, this Notice of Removal is timely, as it is filed within thirty (30) days of Defendant's receipt of the Complaint. See 28 U.S.C. § 1446(b).

4. **Federal Diversity Jurisdiction Exists Under the Class Action Fairness Act of 2005 ("CAFA").** This Action is a civil action which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1332(d), 1441, and 1453 in that the matter in controversy exceeds, exclusive of interest and costs, the sum specified in 28 U.S.C. § 1332(d), and is a class action in

---

[1] Plaintiff erroneously refers to Defendant as "Nevada Property 1 LLC dba The Cosmopolitan Hotel of Las Vegas."

1
NOTICE OF REMOVAL OF CIVIL ACTION

which, at the time the Complaint was filed and at the time of this removal, any member of a class of plaintiffs is a citizen of a State different from any defendant, as shown in more detail below.[2] CAFA provides that a class action against a non-governmental entity may be removed if (1) the number of proposed class members is not less than 100; (2) any member of the proposed plaintiff class is a citizen of a State different from any defendant; and (3) the aggregate amount in controversy, exclusive of interest and costs, exceeds the amount set forth in 28 U.S.C. § 1332(d).

5. **Matter in Controversy in Excess of $5,000,000:** In the Complaint, Plaintiff alleges that during the twelve months preceding the filing of the Complaint, he had one or more telephone conversations with Defendants' representatives. Complaint ¶ 5. Plaintiff further contends that during the twelve months preceding the filing of the Complaint, Defendants "routinely recorded incoming and outgoing telephone communications with customers who resided in and were physically present in the State of California without notifying the customers that the communications were being recorded," in violation of Penal Code sections 632 and 632.7. Complaint ¶¶ 6-8. Plaintiff seeks statutory damages pursuant to Penal Code § 637.2 in the amount of $5,000 per violation for "[a]ll natural persons who, while residing in and physically present in the State of California, and during the applicable statute of limitations: (1) participated in at least one telephone communication with a live representative of defendants that was recorded by defendants; (2) were not notified by defendants that their telephone communication was being recorded; and (3) are identifiable through defendants' records." Complaint ¶¶ 9, 19.

---

[2] This Notice of Removal is based on the allegations of the Complaint. In arguing that Plaintiff has alleged facts sufficient to demonstrate removability under CAFA, Defendant does not admit any of Plaintiff's allegations in the Complaint. Defendant does not admit that the Complaint states a claim upon which relief may be granted, nor does Defendant admit that Plaintiff is entitled to any damages, class certification, or any of the other relief requested in the Complaint.

2
NOTICE OF REMOVAL OF CIVIL ACTION

14508/001/ 1001160v0.5

6. During the applicable statute of limitations period, Defendant received well in excess of 1,000 incoming calls from California residents from well over 100 different telephone numbers. Thus, the Complaint alleges a class of over one hundred potential members. The $5 million jurisdictional minimum required to remove a complaint under CAFA may be based on aggregation of the claims of all potential class members. 28 U.S.C. § 1332(d). Accordingly, this action is removable under CAFA in that the number of proposed class members is not less than 100 and the aggregated amount in controversy exceeds the sum specified in 28 U.S.C. § 1332(d).

7. **Diversity of Citizenship:** At all times herein mentioned, Plaintiff SASAN MIRKARIMI was and still is a citizen of the State of California, residing in San Diego County, California. See Complaint ¶ 1. Plaintiff seeks to represent a class of "[a]ll natural persons who, while residing in and physically present in the State of California, and during the applicable statute of limitations: (1) participated in at least one telephone communication with a live representative of defendants that was recorded by defendants; (2) were not notified by defendants that their telephone communication was being recorded; and (3) are identifiable through defendants' records." Complaint ¶¶ 9. At all times herein mentioned, Nevada Property 1 LLC was, at the time of the filing of the State Action, and still is, as of the date of this removal, incorporated in the State of Delaware and maintains its principal place of business in Las Vegas, Nevada. Accordingly, there is sufficient "minimal diversity" under the Class Action Fairness Act of 2005 to merit removal. See 28 U.S.C. § 1332(d)(2)(A).

8. This diversity that exists in this action not only satisfies the minimal diversity of citizenship requirement under CAFA, but also precludes applicability of exceptions in 28 U.S.C. § 1332(d)(3) and (d)(4) because Defendant is not a citizen of the forum state of California.

1    11.    Counsel for Defendant certifies, pursuant to 28 U.S.C. § 1446(d), that it will promptly give notice of filing this Notice of Removal to Plaintiff through his counsel of record and will promptly file with the Clerk of the Superior Court of the State of California, County of Los Angeles a copy of the Notice of Removal.

Dated: August 31, 2012

LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP


By:    /s/ Angela C. Agrusa
        Angela C. Agrusa
        Attorneys for Defendant
        NEVADA PROPERTY 1 LLC

## TABLE OF CONTENTS

## EXHIBIT TO NOTICE OF REMOVAL

EXHIBIT A: Documents on File in the San Diego Superior Court, Case No. 37-2012-00100618-CU-MC-CTL

| | PAGE NO. |
|---|---|
| Summons | 6 |
| Notice of Case Assignment | 7 |
| Notice of Assignment of Imaging Department | 8 |
| Civil Case Cover Sheet | 9 |
| Class Action Complaint | 10-14 |