JAMES F. CLAPP (145814)
jclapp@sdlaw.com
JAMES T. HANNINK (131747)
Jim.Hannink@sdlaw.com
ZACH P. DOSTART (255071)
zdostart@sdlaw.com
DOSTART CLAPP & COVENEY, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, California 92122-1253
Tel: 858-623-4200
Fax: 858-623-4299

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SASAN MIRKARIMI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NEVADA PROPERTY 1 LLC, a Delaware limited liability company DBA THE COSMOPOLITAN HOTEL OF LAS VEGAS, and DOES 1-50, inclusive,<br><br>Defendant. | CASE NO. 3:12-CV-2160-BTM-DHB<br><br>FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF CALIFORNIA PENAL CODE SECTION 630 ET SEQ. |

## GENERAL ALLEGATIONS

1. Plaintiff Sasan Mirkarimi ("Plaintiff") is an individual residing in San Diego County, California.

2. Defendant Nevada Property 1 LLC dba The Cosmopolitan Hotel of Las Vegas ("The Cosmopolitan"), is a Delaware limited liability company.

3. Plaintiff does not know the names of the defendants sued as DOES 1 through 10 but will amend this complaint when that information becomes known. Plaintiff alleges on information and belief that each of the DOE defendants is affiliated with The Cosmopolitan in some respect and is in some manner responsible for the wrongdoing alleged herein, either as a

1  direct participant, or as the principal, agent, successor, alter ego, or co-conspirator of The Cosmopolitan. For ease of reference, plaintiff will refer to The Cosmopolitan and the DOE defendants collectively as "defendants."

4. Venue is proper in this judicial district because the complained of conduct occurred in this judicial district.

5. During the twelve months preceding the filing of this complaint, and while plaintiff resided in and was physically present in the State of California, plaintiff had one or more telephone communications with defendants' representatives in which he provided confidential information to defendants. For example, plaintiff provided defendants his personal financial information, such as his name as it appears on his credit card, the name of the company that issues his credit card, his credit card number, his credit card security code, his credit card expiration date, and his credit card billing address (which is also plaintiff's home address).

6. Plaintiff alleges on information and belief that defendants secretly recorded these communications. Defendants did not notify plaintiff that they were recording the communications, nor did defendants obtain plaintiff's consent.

7. Plaintiff alleges on information and belief that, during the twelve months preceding the filing of this complaint, defendants routinely recorded incoming and outgoing telephone communications with customers who resided in and were physically present in the State of California without notifying the customers that the communications were being recorded.

8. California Penal Code section 632 prohibits the recording of confidential communications made by telephone without the consent of all parties to the communication. California Penal Code section 632.7 prohibits the recording of any communication without the consent of all parties where one of the parties to the communication is using a cordless or cellular telephone.

9. Defendants' practice of surreptitiously recording telephone communications violates Cal. Penal Code section 630 et seq., including without limitation Cal. Penal Code sections 632 and 632.7.

///

CLASS ACTION ALLEGATIONS

10. Plaintiff brings this lawsuit as a class action under Federal Rule of Civil Procedure 23. The class ("Class") plaintiff seeks to represent is defined as follows: "All natural persons who, while residing in and physically present in the State of California, and during the applicable statute of limitations: (1) participated in at least one telephone communication with a live representative of defendants that was recorded by defendants; (2) were not notified by defendants that their telephone communication was being recorded; and (3) are identifiable through defendants' records. Excluded from the class are all employees of defendants, all employees of defendants' counsel, and all employees of plaintiff's counsel."

11. <u>Ascertainability.</u> The members of the Class may be ascertained by reviewing records in the possession of defendants, including without limitation defendants' call records, customer records, reservation system records, call lists, and the secret recordings themselves.

12. <u>Common Questions of Fact or Law.</u> There are questions of fact or law that are common to the Class, which predominate over individual issues. These common questions include, without limitation: (1) defendants' policies and procedures for recording telephone communications with customers in California; (2) whether defendants notify their customers that their telephone communications are recorded; (3) whether defendants' conduct constitutes a violation of Cal. Penal Code section 630 <u>et seq.</u>, including without limitation Sections 632 and 632.7; (4) defendants' recordkeeping practices; and (5) the appropriate remedies for defendants' conduct.

13. <u>Numerosity.</u> The Class is so numerous that joinder of all Class members would be impracticable. Plaintiff is informed and believes that the Class consists of well over 1,000 members.

14. <u>Typicality and Adequacy.</u> Plaintiff's claims are typical of the claims of the Class members. Like the other Class members, plaintiff participated in one or more telephone communications with defendants that were secretly recorded. Plaintiff has no interests that are adverse to those of the other Class members. Plaintiff will fairly and adequately protect the interests of the Class members.

**1**      15.    <u>Superiority.</u> A class action is superior to other methods for resolving this **2** controversy. Because the damages suffered by each Class member are low, the expense and **3** burden of individual litigation would make it impossible for members of the Class to redress the **4** wrongs done to them. Class certification would also conserve judicial resources and avoid the **5** possibility of inconsistent judgments.

**6**                                   FIRST CAUSE OF ACTION

**7**                           (Violation of Cal. Penal Code section 630 <u>et seq.</u>)

**8**      16.    Plaintiff incorporates by reference all of the preceding paragraphs.

**9**      17.    Plaintiff alleges on information and belief that, within the applicable statute of **10** limitations, plaintiff and the Class members, while residing in and physically present in the State **11** of California, participated in telephone communications with a live representative of defendants, **12** which communications were recorded by defendants without the consent of plaintiff and the Class **13** members. Defendants did not notify plaintiff and the Class members that the communications **14** were being recorded.

**15**     18.    Plaintiff and the Class members had an objectively reasonable expectation that their **16** telephone communications were confidential and were not being recorded. There were no beeps, **17** warnings, or recording disclosures played that would lead plaintiff and the Class members to **18** believe that their communications were being recorded.

**19**     19.    Cal. Penal Code section 632 prohibits the intentional recording of a confidential **20** communication without the consent of all parties to the communication. Cal. Penal Code section **21** 632.7 prohibits the intentional recording of a confidential communication without the consent of **22** all parties where one of the parties to the communication is using a cellular or cordless telephone. **23** Defendants violated Sections 632 and 632.7 by intentionally recording confidential **24** communications with plaintiff and other Class members without obtaining their consent.

**25**     20.    As a result of defendants' conduct, plaintiff and the Class members have been **26** injured. Accordingly, plaintiff and the Class members are entitled to statutory damages of $5,000 **27** per recorded communication pursuant to Cal. Penal Code section 637.2, injunctive relief to halt **28** the secret recording of communication pursuant to Cal. Penal Code section 637.2(b), and

attorneys' fees pursuant to Cal. Code Civ. Proc. section 1021.5.

PRAYER

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1. For statutory damages as alleged herein;
2. For injunctive relief as alleged herein;
3. For reasonable attorneys' fees and costs;
4. For pre-judgment interest; and
5. For such other relief that the Court deems proper.

Dated: September 25, 2012         DOSTART CLAPP & COVENEY, LLP

s/Zach P. Dostart
JAMES F. CLAPP
JAMES T. HANNINK
ZACH P. DOSTART
Attorneys for Plaintiff

516180.1