# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SASAN MIRKARIMI, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br><br>NEVADA PROPERTY 1 LLC, a Delaware limited liability company d/b/a THE COSMOPOLITAN HOTEL OF LAS VEGAS, and DOES 1-50, inclusive,<br><br>　　　　　　　　　　　Defendants. | Case No. 12cv2160-BTM-DHB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS** |

On October 9, 2012, Defendant Nevada Property 1 LLC, d/b/a The Cosmopolitan Hotel of Las Vegas ("The Cosmopolitan" or "Defendant"), filed a motion to dismiss Plaintiff's First Amended Complaint ("FAC"), or in the alternative, to strike the class allegations. (ECF No. 15.)  For the reasons below, Defendant's motions are hereby **DENIED**.  Defendant also filed an earlier motion to dismiss on September 7, 2012, prior to Plaintiff filing his FAC (ECF No. 7), which is **DENIED** as moot.

## I.  BACKGROUND

On September 25, 2012, Plaintiff Sasan Mirkarimi ("Plaintiff") filed the FAC against The Cosmopolitan and DOE defendants, on behalf of himself and all others similarly situated.  Plaintiff resides in San Diego County, while Defendant owns and

1

operates The Cosmopolitan Hotel in Las Vegas. (FAC ¶¶ 2-3.) Originally filed in state court, Defendant removed the action to federal court on August 31, 2012, in accordance with the Class Action Fairness Act of 2005.

Plaintiff alleges that during the twelve months preceding the complaint, Defendant recorded telephone communications between the Plaintiff and Defendant. (FAC ¶ 5.) Plaintiff alleges that Defendant did not notify Plaintiff that the conversations were being recorded. (FAC ¶ 6.) During the conversations at issue, Plaintiff alleges he disclosed personal information, including his credit card number, security code, and expiration date, as well as his billing address. (FAC ¶ 5.)

Plaintiff's FAC asserts that Defendant's actions violated California Penal Code § 630 et seq., also known as the California Invasion of Privacy Act ("CIPA"). Plaintiff seeks statutory damages, injunctive relief, and attorneys' fees.


## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is

12cv2160-BTM-DHB

entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (internal quotation marks omitted).

## III. <u>DISCUSSION</u>

Defendant moves to dismiss Plaintiff's FAC on the grounds that Plaintiff did not have an "objectively reasonable expectation" that his conversations would not be recorded. In the alternative, Defendant moves to strike the class allegations on the grounds that: (1) the statutory damages the class members seek require individualized determinations of fact which defeat the possibility of class certification; and (2) the class lacks superiority.

A. <u>Motion to Dismiss</u>

Under CIPA, a party may be held liable "who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication . . . ." Cal. Penal Code § 632(a). A "confidential communication" includes "any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto . . . ." Cal. Penal Code § 632(c). CIPA excludes, however, "any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." Id.

The California Supreme Court has held that "a conversation is confidential under section 632 if a party to that conversation has an *objectively reasonable expectation* that the conversation is not being overheard or recorded." Flanagan v. Flanagan, 27 Cal. 4th 766, 777 (2002) (emphasis added). Furthermore, confidentiality requires "nothing more than the existence of a reasonable expectation by one of the parties that no one is listening in or overhearing the conversation." Flanagan, 27 Cal. 4th at 772-73 (citing Frio v. Superior Court, 2003 Cal. App. 3d 1480, 1488 (1988)) (internal

12cv2160-BTM-DHB

quotations omitted).

Defendant argues that Plaintiff fails to allege an objectively reasonable expectation that his conversations with Defendant were "confidential communications" that would not be overheard or recorded. Because billing information would have to be shared with other employees, Defendant contends that the nature of the conversation was such that the Plaintiff could not have reasonably expected it to be confidential.

In Flanagan, the California Supreme Court settled an appellate court split over whether a party's understanding of "confidential communication" required either an additional belief that the information would not be divulged at a later time to third parties, or merely the expectation that the conversation was not being simultaneously disseminated to an unannounced second observer. See O'Laskey v. Sortino, 224 Cal. App. 3d 241 (1990); Frio, 2003 Cal. App. 3d 1480. The court noted the Legislature's concern with protecting *all* conversations from eavesdropping, not just those where a party wanted to keep the content secret. Flanagan, 27 Cal. 4th at 776. Therefore, the court adopted the Frio interpretation of "confidential communication," holding that CIPA prohibited the nonconsensual recording of conversations *regardless* of the content of the conversation or any expectation that the conversation may later be conveyed to a third party. Id. at 775-76.[1]

Defendant's argument regarding the nature of the conversation being one which necessitates sharing to third parties fails to align with the California Supreme Court's interpretation of the law. As the Flanagan court stated, confidentiality under CIPA extends to a conversation regardless of whether information will be shared to a third party. Thus, regardless of the fact that credit card information needs to be shared among employees, so long as Plaintiff can demonstrate an objectively reasonable expectation that his conversation was not being overheard, he has a proper claim under

---

[1] The California Supreme Court restated its interpretation of CIPA in Kearney v. Salomon Smith Barney, Inc., 39 Cal. 4th 95, 125 (2006), holding, "Thus, we believe that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of *all* parties to the conversation."

12cv2160-BTM-DHB

CIPA.

Defendant next argues that the legislative history and prior court decisions exempt the type of conversation at issue from CIPA because it was the type of service-observing practice the Legislature deemed to be in the public's best interest. See Sajfr v. BBG Commc'ns, Inc., 2012 WL 398991, at *6 (S.D. Cal. Jan. 10, 2012) (noting that service-observing is permissible as an exemption from § 632 of CIPA). However, the statutory language seems to specify that only "public utilit[ies] engaged in the business of providing communications services and facilities" are exempted from CIPA. Cal. Penal Code § 632(e).[2] Whether the "service observing" exception applies involves a factual determination that Defendant was in fact engaged in such conduct in this case. If the recording was "service observing," then the Court will have to determine whether such a recording is exempted from section 632. See, e.g., Knight v. CashCall Inc., 200 Cal. App. 4th 1377, 1395 (2011) (noting that the "service observing" exception did not apply to a finance company). Resolution of this issue on the bare record before the Court would be premature.

Furthermore, the Ninth Circuit recently noted that, if adequately pled, a caller asked to disclose private or potentially private information could have an objectively reasonable expectation that the conversation is confidential. Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1020 n.2 (9th Cir. 2013). Although the court in Faulkner ultimately affirmed the district court's order granting defendant's motion to dismiss, the plaintiff in that case never alleged disclosure of private information. Rather, the Ninth Circuit determined that the plaintiff's claim lacked the necessary details regarding the nature of the parties and the circumstances of the call. Id. The Plaintiff in this case, however, alleges that he shared his credit card number, expiration date,

_____

[2] Cal. Penal Code § 632(e) reads in full: "This section does not apply (1) to any public utility engaged in the business of providing communications services and facilities, or to the officers, employees, or agents thereof, where the acts otherwise prohibited by this section are for the purpose of construction, maintenance, conduct or operation of the services and facilities of the public utility, or (2) to the use of any instrument, equipment, facility, or service furnished and used pursuant to the tariffs of a public utility, or (3) to any telephonic communication system used for communication exclusively within a state, county, city and county, or city correctional facility."

12cv2160-BTM-DHB

billing address, and security code. Certainly this qualifies as potential private information.

Finally, "[w]hether the Plaintiff has an objectively reasonable expectation is generally a question of fact." Knight, 200 Cal. App. 4th at 1396. See also Vera v. O'Keefe, No. 10CV1422, 2012 WL 3263930, at *4 (S.D. Cal. Aug. 9, 2012) (noting that a plaintiff's reasonable expectation of privacy is a question of fact for the jury to decide). Given that Plaintiff alleges disclosure of private information and that a determination regarding Plaintiff's reasonable expectation is arguably a question of fact, the Court **DENIES** Defendant's motion to dismiss for failure to state a claim.

## B. Motion to Strike Class

Alternatively, Defendant moves to strike the class allegations from the FAC. Dismissal of a class at the pleading stage is rare because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." Gen. Tel. Co. Of the Sw. v. Falcon, 457 U.S. 147, 160 (1982) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463 (1978)) (internal quotations omitted). Whether or not discovery is warranted for a class to proceed to class certification is within the sound discretion of the court. Kamm v. California City Dev. Co., 509 F.2d 205, 209 (9th Cir. 1975).

Defendant argues that, in order to determine whether each class member had a reasonable expectation of confidentiality, each caller's conversation must be analyzed individually. However, the Court declines to adjudicate class certification issues at this stage. Rather, this matter is proper after appropriate time for briefing and discovery has occurred. See generally Brazil v. Dell Inc., 2008 WL 4912050, at *4 (N.D. Cal. 2008) (refusing to adjudicate on the issue of class certification before it had been briefed); 7AA Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Civil § 1785.3 (3d ed. 2013) (noting that the court's determination on class certification should rely on more information than simply the complaint). Therefore, the Court **DENIES**

Defendant's motion to strike Plaintiff's class allegations.

### III.  CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss is **DENIED**. Defendant's motion to strike class action allegations is **DENIED** without prejudice. As stated previously, Defendant's motion to dismiss filed September 7, 2012, is **DENIED** as moot.  Defendant has twenty (20) days from the filing of this order to answer Plaintiff's FAC.

**IT IS SO ORDERED.**

DATED:  July 15, 2013

BARRY TED MOSKOWITZ, Chief Judge
United States District Court

12cv2160-BTM-DHB