UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SASAN MIRKARIMI, individually
and on behalf of all others similarly
situated,

                Plaintiff,

v.

NEVADA PROPERTY 1 LLC, a
Delaware limited liability company dba
The Cosmopolitan Hotel of Las Vegas;
DOES 1-50, inclusive,

                Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 12cv2160-BTM (DHB)

**ORDER REGARDING JOINT
MOTION FOR
DETERMINATION OF
DISCOVERY DISPUTE**

[ECF No. 75]

      On October 10, 2014, the parties filed a Joint Motion for Determination of Discovery Dispute.  (ECF No. 75.)  Plaintiff requests the Court to compel Defendant to produce all documents responsive to Plaintiff's requests for production for which Defendant has agreed to produce documents, and to order Defendant to provide supplemental responses to select interrogatories and requests for production.  Having considered the arguments of the parties and the applicable law, and for the reasons set forth herein, the Court **GRANTS** Plaintiff's motion to compel, as set forth below.

## I.  BACKGROUND

      Plaintiff commenced this putative class action on July 12, 2012 by filing a complaint in the San Diego Superior Court alleging that Defendant recorded telephone calls with

California consumers without their consent in violation of the California Invasion of Privacy Act, Cal. Pen. Code § 632, *et seq.* (ECF No. 1.) The action was removed to federal court on August 31, 2014. (*Id.*) According to the First Amended Complaint, Plaintiff seeks to certify the following class: "[A]ll natural persons who, while residing in and physically present in the State of California, and during the applicable statute of limitations: (1) participated in at least one telephone communication with a live representative of defendants that was recorded by defendants; (2) were not notified by defendants that their telephone communication was being recorded; and (3) are identifiable through defendant's records." (ECF No. 8 at ¶ 10.)

## II. DISCUSSION

### A. Legal Standards

The threshold requirement for discoverability under the Federal Rules of Civil Procedure is whether the information sought is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). In addition, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The relevance standard is thus commonly recognized as one that is necessarily broad in scope in order "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

However broadly defined, relevancy is not without "ultimate and necessary boundaries." *Hickman*, 329 U.S. at 507. Accordingly, district courts have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 U.S. 732, 751 (9th Cir. 2002); *Vonole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("District courts have broad discretion to control the class certification process, and '[w]hether or not discovery will be permitted . . . lies within the sound discretion of the trial court.'") (citing *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975)). District

courts also have broad discretion to limit discovery.  For example, a court may limit the scope of any discovery method if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2)(C)(iii).

Generally at the pre-class certification stage, discovery in a putative class action is limited to certification issues such as the number of class members, the existence of common questions, typicality of claims, and the representative's ability to represent the class. *Oppenheimer Fund*, 437 U.S. at 359.  Although discovery on the merits is usually deferred until it is certain that the case will proceed as a class action, the merits/certification distinction is not always clear.  Facts that are relevant to the class determination frequently will overlap with those relevant to the merits of the case. *See Wal-Mart Stores Inc. v. Dukes*, --- U.S. ---, 131 S. Ct. 2541, 2551-52 (2011) (explaining that often the "rigorous analysis" under Rule 23(a) "will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped.").

**B.   Plaintiff's Motion to Compel**

The parties have engaged in a lengthy meet and confer process concerning discovery in this case.  Over the past six months, the Court has extended the class certification discovery cutoff four times, and has granted six extensions of time to bring any discovery disputes to the Court.  (*See* ECF Nos. 55, 59, 61, 63, 64, 66, 68, 69, 70, 72.)  During the meet and confer process, Defendant agreed to produce several categories of documents following an internal investigation to locate and collect responsive data.  Plaintiff now moves to compel, on the ground that Defendant's production is incomplete.  Specifically, Plaintiff identifies eight categories of documents of which Defendant agreed to produce documents, but has not yet done so.  Plaintiff also moves to compel further responses to Interrogatories Nos. 17 and 25, and Request for Production No. 128.  Defendant does not dispute that it has agreed to produce the requested information and documents to Plaintiff.  Defendant states that it is has been working diligently to collect the information Plaintiff requests, and anticipates completing its production shortly.

/ / /

### 1.     Outstanding Document Production

Plaintiff argues Defendant has failed to produce any documents for the following categories, despite Defendant's agreement to produce them: (1) the recording policies, procedures, and practices that were in effect during the class period; (2) the telephone lines used for outbound calls that were recorded during the class period, the names and addresses of individuals to whom those calls were made, and the identity of the agent who participated in each call; (3) any instances in which Defendant's agents provided a notice or warning that a call may be recorded, or in which a caller asked whether the call was being recorded; (4) call system and recording system data concerning the subject telephone calls; (5) audio recordings that were made during the class period, the recordings that still exist, the policies, practices, and procedures for maintaining and preserving the recordings, and identification of the audio files; (6) the names contact information, and job titles of current or former personnel in Defendant's Information Technology ("IT") department; (7) information reflecting spa reservations made by telephone; and (8) the name, address, and telephone number of California customers in Defendant's loyalty program (the "Identity" program), together with information about the inbound and outbound calls from or to those individuals and reservations that were made via telephone during the class period.  (ECF No. 75 at 6-7.) The Court will address each category separately, below.

a.     <u>Recording Policies and Procedures (RFP No. 5)</u>

Defendant contends that it has, in fact, produced many documents in response to Plaintiff's request for policy and procedure documents.  (ECF No. 75 at 16-17.)  Defendant states it has produced its "Resort Services Standard Operating Procedures," "Quality Assurance" documents, and voluminous documents regarding its NICE recording system. It appears Defendant has complied with this request by producing documents in its possession and control.  To the extent Defendant may have additional documents responsive to RFP No. 5, the Court directs Defendant to produce the documents to Plaintiff by October 31, 2104.

/ / /

b.      Telephone Lines Used for Outbound Calls (RFP No. 36)

Defendant explains that it encountered technical difficulties that have hindered and delayed its ability to produce documents responsive to RFP No. 36.  Defendant indicates that its production should be complete by the end of the month.  In the meantime, Defendant states that it will produce all call recordings it has in its possession, as well as all NICE system metadata.  The NICE system metadata contains a record of all inbound and outbound calls, and includes the customer phone number, agent number and name, and the date, time and duration of each call.  The Court directs Defendant to produce all documents responsive to RFP No. 36 by October 31, 2014.

c.      Notice or Warning of Recording (RFP Nos. 18-20)

Defendant does not address this category of documents in its portion of the Joint Motion.  The Court finds that if the information responsive to RFP Nos. 18-20 is not included in the production of the call recordings, Defendant must produce any additional responsive documents by October 31, 2014.

d.      Call System and Recording System Data (RFP No. 35)

Again, Defendant does not specifically address this category of documents.  However, it appears that Defendant's production of documents regarding the NICE recording system was responsive to this request.  However, to the extent Defendant may have additional documents responsive to RFP No. 35, the Court directs Defendant to produce the documents to Plaintiff by October 31, 2104.

e.      Audio Recordings (RFP Nos. 44, 47, 48, 50, & 122-124)

Defendant indicates that it will produce all call recordings from the class period that it has in its possession.  Defendant states that it has already produced documents that relate to its policies, practices, and procedures for preserving recordings in the NICE recording system.  The Court directs Defendant to produce all outstanding documents responsive to RFP Nos. 44, 47, 48, 50, and 122-124 by October 31, 2014.

/ / /

/ / /

f.    IT Department Personnel Contact Information (RFP No. 128)

Defendant indicates that it will produce the requested information concerning its IT personnel by October 17, 2014. Defendant states it plans to provide Plaintiff with the names, job titles, and hire dates of current IT personnel, and will produce documents reflecting names, job titles, hire and termination dates, and last known contact information for former IT personnel. The Court finds Defendant's proposed response is sufficient. To the extent Defendant has not already done so, Defendant shall produce documents responsive to RFP No. 128 by October 31, 2014.

g.    Information Reflecting Spa Reservations (RFP Nos. 131-132)

Defendant states that it has endeavored to produce all reservation records, including records from its SpaSoft reservation system. So far, Defendant has been able to retrieve and produce information from its room reservation and dining reservation systems. However, Defendant has been unable to access the requested information from its SpaSoft system. Defendant explains that it does not possess a "data dictionary" for its SpaSoft software, and therefore, is presently unable to extract and produce the spa reservations information to Plaintiff. Defendant states it will continue its efforts to retrieve the data, and will immediately provide Plaintiff with the results.

Considering the factors under Federal Rule of Civil Procedure 26(b)(2)(C)(iii), the Court finds that the burden on Defendant to extract the spa reservation data outweighs its likely benefit at this stage in the litigation. Accordingly, the Court declines to compel Defendant to produce spa reservations data at this time. Nevertheless, Defendant is encouraged to continue its efforts to extract the data, and if successful, to produce the information to Plaintiff in an expeditious manner.

h.    Loyalty Program Information (RFP Nos. 133-136)

Defendant indicates that it will produce the requested information regarding its loyalty program. Accordingly, Defendant is directed  produce documents responsive to RFP Nos. 133-136 by October 31, 2014.

/ / /

### 2.   Interrogatories Nos. 17 and 25

Plaintiff asks the Court to compel Defendant to produce further responses to Interrogatories Nos. 17 and 25.  Interrogatory No. 17 requests that Defendant identify each outbound call made by Defendant during the class period to a California telephone number on a recorded line, including the telephone number dialed, the date, time, and duration of the call, the name, address, and telephone number of each person associated in Defendant's records with each telephone number dialed, and the name and contact information of the agent who handled the call on behalf of Defendant.  (ECF No. 75-18 at 6.)  Plaintiff argues Defendant's response to Interrogatory No. 17 is deficient because Defendant has not identified outbound calls, but rather only provided documents that identify toll-free numbers that are used for inbound calls.  Plaintiff states Defendant also failed to identify which lines were recorded and has not provided the information identifying the persons called or the customer service agents who handled the calls.  In response, Defendant indicates that it will provide the NICE system metadata from the class period.  Based on Defendant's description of what the metadata includes, the Court finds that production of the NICE system metadata will be sufficient to answer Interrogatory No. 17.  However, to the extent the metadata does not distinguish inbound calls from outbound calls, Defendant is directed to specifically identify which calls were outbound.  Defendant shall provide a supplemental response to Interrogatory No. 17 by October 31, 2014.

Interrogatory No. 25 requests Defendant to list the telephone numbers operated by Defendant during the class period that were used to make outbound calls to California telephone numbers, limited to telephone lines on which Defendant recorded some or all of the calls.  (ECF No. 75-19 at 5.)  Plaintiff states Defendant's response to this interrogatory is incomplete because Defendant failed to identify which lines were recorded.  The Court finds Defendant's response is insufficient.  Accordingly, Defendant is directed to provide a supplemental response to Interrogatory No. 25, that  specifically identifies the outgoing telephone lines that were recorded during the class period.  Defendant shall provide the supplemental response by October 31, 2014.

**3.     Request for Production No. 128**

Finally, Plaintiff moves to compel Defendant to provide a supplemental response to RFP No. 128.  As discussed above, Defendant states it will produce the information regarding its IT personnel that is requested in RFP No. 128.  Accordingly, the Court directs Plaintiff to provide a supplemental response as agreed by October 31, 2014.

### III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to compel is **GRANTED**.  Defendant shall produce all documents responsive to Plaintiff's outstanding Requests for Production for which Defendant agreed to produce documents, including RFP Nos. 5, 18-20, 35, 36, 44, 47, 48, 50, 122-124, 128, and 133-136, and shall provide supplemental responses to Interrogatories Nos. 17 and 25, and RFP No. 128 on or before **October 31, 2014**.

**IT IS SO ORDERED.**

DATED:  October 22, 2014

DAVID H. BARTICK
United States Magistrate Judge