UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SASAN MIRKARIMI, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NEVADA PROPERTY 1 LLC, a Delaware limited liability company dba The Cosmopolitan Hotel of Las Vegas; DOES 1-50, inclusive,<br><br>　　　　　　Defendants. | Case No. 12cv2160-BTM (DHB)<br><br>**ORDER REGARDING PLAINTIFF'S *EX PARTE* APPLICATION FOR DISCOVERY ORDERS**<br><br>[ECF No. 77] |

On November 4, 2014, Plaintiff filed an *Ex Parte* Application for Discovery Orders. (ECF No. 77.) Plaintiff initially requested three forms of relief.[1] However, the only remaining issue before the Court is Plaintiff's request to conduct additional discovery, aimed at investigating the potential spoliation of evidence in this case. Defendant has filed an Opposition, along with declarations from its counsel and its Chief Compliance Officer (ECF No. 84), and Plaintiff has filed a Reply. (ECF No. 88.) Having considered the arguments

---

[1] Plaintiff initially requested the Court: (1) compel the deposition of James N. Barnell; (2) order Defendant and its counsel to file declarations regarding the lost or deleted audio recordings and system metadata; and (3) permit Plaintiff to conduct additional discovery on an expedited basis. On November 5, 2014, the Court ordered Defendant to provided the requested declarations. (ECF No. 79.) On November 6, 2014, the Court issued an order resolving Plaintiff's request to compel Mr. Barnell's deposition. (ECF No. 82.)

of the parties and the associated exhibits and declarations, the Court hereby **GRANTS in part**, Plaintiff's request to conduct additional discovery on an expedited basis.

## I. BACKGROUND

Between March 2014 and September 2014, the Court granted the parties numerous extensions of time to complete class certification discovery and resolve any discovery disputes. (*See* ECF Nos. 55, 59, 61, 63, 64, 66, 68, 69, 70, 72.) During this time period, Defendant repeatedly indicated that it was working diligently to produce documents responsive to Plaintiff's requests for production, including audio recordings and system metadata, but that the process of identifying and retrieving the information was complex and time-consuming. Defendant also represented to the Court that it had "run into technical issues" that had delayed its production. (ECF No. 65-1 ¶4.) Eventually, when Defendant failed to produce the promised documents, Plaintiff sought the Court's intervention. (*See* ECF No. 75.)

On October 22, 2014, the Court ordered Defendant to provide discovery responses to Plaintiff, including copies of audio recordings and system metadata for the one-year class period. (ECF No. 76.) The Court notes that in the parties' Joint Motion for Determination of Discovery Dispute, Defendant explained the delay in production was due to unspecified "technical issues that hindered the gathering and production of certain electronically stored information ("ESI"), including call recordings and related data." (ECF No. 75 at 20.) Defendant made no mention of the fact the data was missing or had been deleted.

On November 3, 2014, Defendant produced 82 audio recordings, and 2 months of system data. Based on the sparse amount of information produced, Plaintiff brought the instant motion, indicating he believes Defendant may have intentionally or negligently deleted the audio recordings and system metadata. (ECF No. 77.) Plaintiff requests permission to take 10 additional depositions and propound 20 additional interrogatories on an expedited basis in order to develop the record.

/ / /

/ / /

## II. DISCUSSION

At this point, the Court reserves making a ruling on whether spoliation has occurred. However, the Court is troubled with Defendant's lack of candor regarding the missing audio files and system metadata. Defendant never alerted Plaintiff or the Court to the fact that the audio recordings and system metadata had been deleted or were missing, or that Defendant had undertaken a forensic recovery effort. Instead, Defendant vaguely stated that it had encountered "technical issues" and had to "spend additional resources" to gather the information. At one point Defendant alerted Plaintiff that "an important issue" had arisen regarding "gathering certain of the information and documents." (ECF No. 84-5 at 1.) Yet, Defendant failed to specifically explain what the issue was. The Court finds Defendant's statements were purposefully vague, and cannot reasonably be construed as a disclosure that the data was missing or had been deleted.

In light of the fact that Defendant knew the data may have been deleted as early as February 2014 (ECF No. 84-1 at ¶ 18), but did not reveal that information to Plaintiff or the Court until very recently, the Court finds additional discovery is appropriate. The Court will permit Plaintiff to conduct an additional 5 depositions and propound 15 interrogatories on an expedited basis. The Court declines Plaintiff's request to order supplemental declarations at this time.

## III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for leave to conduct additional discovery is **GRANTED, in part**. Plaintiff may take up to 5 additional depositions. Plaintiff may also propound up to 15 additional interrogatories. Defendant shall respond to the interrogatories within 15 days from the date of service of the interrogatories.

**IT IS SO ORDERED.**

DATED: November 18, 2014

DAVID H. BARTICK
United States Magistrate Judge