UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SASAN MIRKARIMI, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NEVADA PROPERTY 1 LLC, a Delaware limited liability company dba The Cosmopolitan Hotel of Las Vegas; DOES 1-50, inclusive,<br><br>　　　　　　Defendants. | Case No. 12cv2160-BTM (DHB)<br><br>**ORDER RESOLVING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>[ECF No. 78] |

　　　On November 4, 2014, Plaintiff filed a Joint Motion for Determination of Discovery Dispute. (ECF No. 78.) Although the motion was styled as a joint motion, the motion only contained Plaintiff's argument.[1] Therefore, the Court directed Defendant to file a response to the discovery motion. (ECF No. 79.) On November 10, 2014, Defendant filed an Opposition (ECF No. 83), and on November 11, 2014, Plaintiff filed a Reply. (ECF No. 85.) Having reviewed the parties' submissions and the applicable law, the Court **GRANTS**

---

[1] The Court is disappointed in Plaintiff's counsel's refusal to agree to Defendant's reasonable request for a three-day extension of time to provide its portion of the Joint Motion. The Court expects counsel to agree to reasonable requests as a matter of professional courtesy. Counsel is reminded of Civil Local Rule 83.4(a)(1)(e), which states that "An attorney in practice before this court will: . . . Agree to reasonable scheduling changes, requests for extensions of time and waivers of procedural formalities, if the legitimate interests of a client will not be adversely affected."

Plaintiff's request to lift the temporary stay on communications with putative class members, as outlined below.

## I. BACKGROUND

On March 21, 2014, the parties filed a Joint Motion requesting the Court enter an order limiting the use of the putative class members' contact information. (ECF No. 53.) The parties had jointly agreed that pending further agreement of the parties, or an order of the Court, neither party would use the contact information produced by Defendant to communicate with the putative class members. (*Id.*) On March 24, 2014, the Court granted the parties' motion, thereby temporarily staying all communications with the putative class members.

Plaintiff now requests the Court lift the stay, and permit the parties to contact the putative class members. (ECF No. 78.) Defendant does not oppose Plaintiff's request for authorization to contact the putative class members. (ECF No. 83.) However, Defendant expresses concern about the content of any written communication Plaintiff may send to the putative class members. Defendant also argues Plaintiff should be required to produce any verbatim responses received from the putative class members. Plaintiff opposes the latter request, arguing the issue is premature, and that any responses from the putative class members would constitute attorney work product. (ECF No. 85.)

## II. DISCUSSION

First, because the parties do not dispute that it is appropriate for communications with putative class members to commence, the Court will grant Plaintiff's request to lift the temporary stay on communications. However, the Court will require Plaintiff to submit for *in camera* review any written communication Plaintiff intends to mail to the putative class members for prior approval.

Second, the Court finds it is appropriate to briefly address Defendant's request for responses from the putative class members. The work product doctrine protects from disclosure documents and tangible things prepared by a party or the party's representative in anticipation of litigation. Fed. R. Civ. P. 26(b)(3)(A). However, the work product

doctrine generally does not protect a witness's verbatim responses to questionnaires. *Young v. California*, 2007 WL 2900539 (S.D. Cal. Oct. 1, 2007). Further, district court's within this circuit have concluded that responses to questionnaires in class actions are discoverable. *See EEOC v. ABM Industries Inc.*, 261 F.R.D. 503, 513 (E.D. Cal. Oct. 6, 2009); *Taylor v. Waddell & Reed, Inc.*, 2011 WL 1979486, *4 (S.D. Cal. May 20, 2011); *Ades v. Omni Hotels Mgmt Corp.*, 13cv2468-CAS-MAN (C.D. Cal. March 10, 2014) (Minute Order holding the factual information obtained by plaintiffs through questionnaires mailed to putative class members was discoverable). Accordingly, the Court finds that responses from the putative class members to a questionnaire from Plaintiff would be discoverable. The Court declines to order specific production at this time. However, Defendant may request this information from Plaintiff through an appropriate means of discovery.

## III.  CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that the temporary stay on communications with putative class members is lifted. **IT IS FURTHER ORDERED** that before Plaintiff may mail any questionnaire to the putative class members, Plaintiff must submit the proposed questionnaire to the Court for an *in camera* review.

**IT IS SO ORDERED.**

DATED:  November 21, 2014

DAVID H. BARTICK
United States Magistrate Judge