1  JAMES F. CLAPP (145814)
   jclapp@sdlaw.com
2  JAMES T. HANNINK (131747)
   jhannink@sdlaw.com
3  ZACH P. DOSTART (255071)
   zdostart@sdlaw.com
4  DOSTART CLAPP HANNINK & COVENEY, LLP
   4370 La Jolla Village Drive, Suite 970
5  San Diego, California 92122-1253
   Tel:  858-623-4200
6  Fax: 858-623-4299

7  Attorneys for Plaintiff

8

9                UNITED STATES DISTRICT COURT

10             SOUTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  SASAN MIRKARIMI, individually and on behalf of all others similarly situated, | CASE NO. 12-CV-2160 BTM DHB |
| 13            Plaintiff, | **DECLARATION OF JAMES T. HANNINK IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| 14  vs. | |
| 15  NEVADA PROPERTY 1, LLC, a Delaware limited liability company DBA THE COSMOPOLITAN HOTEL OF LAS VEGAS, and DOES 1-50, inclusive, | Date:   June 19, 2015 |
| 16 | Time:   11:00 a.m. |
| 17 | Ctrm:   15B |
| 18            Defendant. | Judge:  Hon. Barry Ted Moskowitz |
| 19 | |

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF EXHIBITS</u>

2

<u>Page</u>

3

Exhibit 1 – Settlement Agreement.....................................................................1

4

Exhibit 2 – *Greenberg v. E-Trade Financial Corp.*,
Case No. BC360152 (Los Angeles County Superior Court Feb. 7, 2008) ...............42

5

Exhibit 3 – *Skuro v. BMW of North America, LLC*,
Case No. 10-8672 GW (FFMx) (C.D. Cal. Jan. 24, 2012)........................................46

6

7

Exhibit 4 – *Marenco v. Visa Inc.*,
Case No. 10-8022 DMG (VBKx) (C.D. Cal. June 6, 2011) .....................................79

8

Exhibit 5 – *Zaw v. Nelnet Business Solutions, Inc.*,
Case No. 3:13-cv-05788-RS (N.D. Cal. June 10, 2014). .........................................108

9

10

Exhibit 6 – *Batmanghelich v. Sirius XM Radio, Inc.*,
Case No. 09-9190 VBF (JCx) (C.D. Cal. Feb. 14, 2011)........................................138

11

Exhibit 7 – *Greenberg v. E-Trade Financial Corporation*,
Case No. BC360152 (Los Angeles County Superior Court May 11, 2009)............197

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

I, James T. Hannink, declare as follows:

1.      I am an attorney at law licensed to practice in the State of California and am a partner with the law firm of Dostart Clapp Hannink & Coveney, LLP, counsel of record for Plaintiff Sasan Mirkarimi.

2.      A summary of my educational and professional background is as follows:  I obtained a B.A. from Calvin College in 1984 with majors in Economics and Political Science.  I obtained a J.D. from the University of California, Davis, in 1987.  After graduating from law school, I joined the San Diego firm of Gray, Cary, Ames & Frye (which is now DLA Piper) as an associate, and was a partner in the litigation group of that firm from 1995 to 2008.  While at DLA Piper, I focused on complex litigation matters including intellectual property and class actions.  Since joining Dostart Clapp Hannink & Coveney, LLP in 2011, I have represented plaintiffs in class action litigation, including trial and appellate matters.

3.      My litigation colleagues at Dostart Clapp Hannink & Coveney, LLP include James F. Clapp and Zach P. Dostart.  A summary of their educational and professional backgrounds is set forth below.

4.      Mr. Clapp is a 1989 graduate of Northwestern University Law School. From 1989 through 1994, Mr. Clapp was a litigation attorney with Gray Cary (now DLA Piper) in San Diego, California, where his practice focused on complex business and employment disputes.  In 1995, he co-founded Dostart Clapp, APC, which subsequently became Dostart Clapp Hannink & Coveney, LLP.  Since 1999, Mr. Clapp's practice has focused almost exclusively on representing plaintiffs in class action matters.

5.      Zach Dostart has been a member of the California Bar since 2008. Mr. Dostart is a graduate of Pepperdine University School of Law, where he served as Managing Editor of the *Pepperdine Law Review*.  Mr. Dostart has completed the C.P.A. exam and holds an M.B.A.  After law school, Mr. Dostart was an Associate at Lehman Brothers in New York City and then served as a prosecutor in the office

1

1  of the San Diego District Attorney before joining the firm that is now Dostart Clapp

2  Hannink & Coveney, LLP.  Mr. Dostart focuses almost exclusively on representing

3  plaintiffs in class action matters.

4       6.     Since 1999, Dostart Clapp Hannink & Coveney, LLP has been

5  appointed lead or co-lead class counsel in more than 50 certified class actions in

6  State and federal courts.

7       7.     My colleagues and I have significant class action experience, including

8  privacy litigation, employment litigation, and other consumer protection litigation.

9  In the area of privacy litigation, my firm has handled other cases involving claims

10 under the California Invasion of Privacy Act, including *Reed v. 1-800 Contacts,*

11 *Inc*., Case No. 12-cv-02359 JM (BGS) (S.D. Cal.), *McDonald v. Bass Pro Outdoor*

12 *World, LLC et al.*, Case No. 13-cv-0889-BAS (DHB) (S.D. Cal.), and several other

13 actions that are pending.

14      8.     My colleagues and I have been actively involved in this litigation since

15 its inception in July 2012.   Among other things, our work has included

16 communicating with Mr. Mirkarimi, drafting and reviewing pleadings, opposing

17 several motions at the pleadings stage, preparing for and participating in multiple

18 court conferences and hearings, communicating with opposing counsel on a wide

19 range of issues, extensive written and deposition discovery, review and analysis of

20 tens of thousands of pages of documents, briefing several discovery motions,

21 preparing for and attending the mediation, drafting the settlement documents, and

22 preparing the instant motion.

23      9.     On October 24, 2013, the parties participated in an Early Neutral

24 Evaluation Conference before Magistrate Judge David H. Bartick.  The case did not

25 settle, so the parties thereafter conducted a Rule 26(f) conference and commenced

26 formal discovery in November 2013.   During the ensuing months, my office

27 propounded on defendant seven sets of requests for production of documents

28 (totaling  185  document  requests),  five  sets  of  interrogatories  (totaling  36

2

1    interrogatories), and two sets of requests for admissions (totaling 19 requests) on

2    defendant.  Plaintiff took nine depositions, and obtained discovery from third parties

3    pursuant to Rule 45 subpoenas.

4         10.    The written discovery gave rise to a number of disputes on which the

5    parties met and conferred in accordance with the Fed. R. Civ. P. 37 and Magistrate

6    Judge Bartick's Chamber's Rules.  During the meet and confer efforts, defendant

7    agreed to supplement many of its written responses and to produce many of the

8    requested documents.  During this litigation, The Cosmopolitan served a total of 28

9    sets of initial and supplemental responses to interrogatories, requests for production,

10   and requests for admission, and produced Excel spreadsheets and other documents

11   amounting to tens of thousands of pages.

12        11.    The evidence obtained in discovery establishes that The Cosmopolitan

13   had standardized procedures with respect to recording telephone calls, and did not

14   institute procedures to notify callers that calls are recorded until after the lawsuit

15   was filed.

16        12.    Among other information, plaintiff sought production of call system

17   metadata reflecting the recorded calls at issue, including the date, time, and duration

18   of each call, and the telephone numbers involved.  It was eventually determined that

19   the system metadata is available for months beginning with June 2012, but not for

20   earlier months.

21        13.    The call system metadata reflects that, during the two-month period

22   June 1, 2012 to July 31, 2012, The Cosmopolitan received a total of approximately

23   60,000 *inbound* calls on recorded lines from about 26,000 unique California

24   telephone numbers.  The call system metadata further reflects that, during those

25   same two months, The Cosmopolitan made a total of 270 recorded *outbound* calls to

26   224 unique California telephone numbers.  Based on this information, as well as

27   other information developed through discovery, I believe a reasonable estimate of

28   the number of potential class members is about 150,000.

DECLARATION OF JAMES T. HANNINK ISO MOTION FOR PRELIMINARY          12-CV-2160 BTM (DHB)
APPROVAL OF CLASS ACTION SETTLEMENT

1    14.    The proposed settlement was the result of a full-day mediation session

2    in San Francisco, California on February 20, 2015, before mediator David A.

3    Rotman.   The parties were able to agree on settlement terms, and thereafter the

4    settlement documents were finalized and the Settlement Agreement was signed on

5    May 8, 2015.   At all times, the settlement negotiations, while cordial, were

6    adversarial, non-collusive, and were conducted at arm's-length.

7    15.    Based on the discovery and investigation that was completed, plaintiff

8    and his counsel are sufficiently familiar with the facts of this case and the applicable

9    law to make an informed judgment as to the fairness of the settlement.   In my

10    opinion, the proposed settlement is fair, reasonable, and in the best interests of the

11    class members given the risk factors that are discussed in the motion for preliminary

12    approval.

13    16.    Plaintiff Sasan Mirkarimi has no interests that are antagonistic to those

14    of the other class members.

15    17.    Attached hereto as Exhibit 1 is a true and correct copy of the Settlement

16    Agreement entered into between the parties.

17    18.    Attached hereto as Exhibit 2 is a true and correct copy of the Order on

18    Plaintiff's Motion for Class Certification in *Greenberg v. E-Trade Financial Corp.*,

19    Case No. BC360152 (Los Angeles County Superior Court Feb. 7, 2008)

20    19.    Attached hereto as Exhibit 3 is a true and correct copy of Notice of

21    Motion and Unopposed Motion for Preliminary Approval of Class Action

22    Settlement in *Skuro v. BMW of North America, LLC*, Case No. 10-8672 GW

23    (FFMx) (C.D. Cal. Jan. 24, 2012).

24    20.    Attached hereto as Exhibit 4 is a true and correct copy of Memorandum

25    of Points and Authorities in Support of Plaintiff's Motion for Preliminary Approval

26    of Class Action Settlement in *Marenco v. Visa Inc.*, Case No. 10-8022 DMG

27    (VBKx) (C.D. Cal. June 6, 2011).

28

DECLARATION OF JAMES T. HANNINK ISO MOTION FOR PRELIMINARY    12-CV-2160 BTM (DHB)
APPROVAL OF CLASS ACTION SETTLEMENT

1    21.    Attached hereto as Exhibit 5 is a true and correct copy of the

2  Memorandum of Points and Authorities in Support of Joint Motion for Preliminary

3  Approval of Class Action Settlement in *Zaw v. Nelnet Business Solutions, Inc.*, Case

4  No. 3:13-cv-05788-RS (N.D. Cal. June 10, 2014).

5    22.    Attached hereto as Exhibit 6 is a true and correct copy of Renewed

6  Notice of Motion and Unopposed Motion for Preliminary Approval of Class Action

7  Settlement in *Batmanghelich v. Sirius XM Radio, Inc.*, Case No. 09-9190 VBF (JCx)

8  (C.D. Cal. Feb. 14, 2011).

9    23.    Attached hereto as Exhibit 7 is a true and correct copy of Notice of

10  Motion and Motion for Preliminary Approval of Class Action Settlement *etc*. and

11  Memorandum of Points and Authorities in Support Thereof in *Greenberg v. E-Trade

12  Financial Corporation*, Case No. BC360152 (Los Angeles County Superior Court

13  May 11, 2009).

14    I declare under penalty of perjury under the laws of the United States of

15  America that the foregoing is true and correct and that this declaration is executed

16  on May 8, 2015 at San Diego, California.

17

18                              /s/ James T. Hannink
                               JAMES T. HANNINK

19

20  703826.1

21

22

23

24

25

26

27

28

---

5