UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SASAN MIRKARIMI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEVADA PROPERTY 1, LLC, et al.,<br><br>Defendant. | Case No.: 12cv2160 BTM (DHB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, LITIGATION EXPESNES, AND CLASS REPRESENTATIVE ENHANCEMENT** |

Currently before the Court is Plaintiff Sasan Mirkarimi's motion for final approval of a class action settlement and motion for attorneys' fees, litigation expenses, and class representative enhancement. For the reasons discussed below, Plaintiff's motions are **GRANTED**.

## I. BACKGROUND

Plaintiff Sasan Mirkarimi filed a class action complaint in state court against Defendant Nevada Property 1, LLC, in July 2012, alleging that Defendant violated the California Privacy Act by recording telephone calls with California

1

residents without their consent. Following nearly three years of pleadings, discovery disputes, and mediation, the parties reached a preliminary settlement agreement in February 2015.

The proposed class consists of 100,541 individuals, with an agreed upon amount of $14,500,000. The Court granted preliminary approval of the proposed settlement on August 24, 2015. Plaintiff moved for final approval, and filed a separate motion seeking an award of attorneys' fees, litigation expenses, and a class representative enhancement.

## II. DISCUSSION

**A. Motion for Final Approval of Class Action Settlement**

When a class action reaches settlement before class certification, the Court must "peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003). The Court must first assess whether the class exists, and then whether a "proposed settlement is fundamentally fair, adequate, and reasonable." Id. (quoting Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998)).

### *1. The Settlement Class*

The settlement class is proper in this case because the proposed class members share common questions of law and fact, the proposed class meets the requirements of both Rule 23(a) and 23(b), and judicial economy favors a class action in this case. The proposed class includes:

> All natural persons who, while physically present in the State of California, either: (a) placed a telephone call to The Cosmopolitan between July 12, 2011 and August 3, 2012 that was recorded by The Cosmopolitan; or (b) received a telephone call from The Cosmopolitan between July 12, 2011 and February 20, 2015 that was recorded by The Cosmopolitan.

Excluded from the Class are all employees of The Cosmopolitan, all attorneys and employees of Plaintiff's counsel, as well as judicial officers, their family members, and court staff assigned to the lawsuit.[1]

Class certification is governed by Federal Rules of Civil Procedure 23(a) and 23(b)(3). As discussed below, the class meets the statutory requirements.

### (a) Rule 23(a) Class Requirements

Rule 23(a) establishes four prerequisites for class action litigation: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a). To satisfy the numerosity requirement, a class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The proposed class in this case comprises over 100,000 members and thus easily meets the numerosity requirement. Likewise, the typicality requirement, which requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class," Fed. R. Civ. P. 23(a)(3), is also easily met. Plaintiff's claims that Defendant recorded telephone conversations without consent are typical of the entire class.

The adequacy of representation requirement is also met in this case. Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Plaintiff does not have any interests antagonistic to the class. Although he seeks an award enhancement of $30,000, discussed below, this award is not contingent on the settlement award but is left up to the discretion of the court. Moreover, the class counsel has experience in Privacy Act class actions. Thus, both Plaintiff and the class counsel are adequate representatives.

---

[1] A proposed class definition must also comply with 28 U.S.C.§ 445, which governs judicial recusal. In the Court's August order granting preliminary approval, the Court included a modification to exclude judicial officers' relations as described in 28 U.S.C. §§ 335(b)(4)-(5).

Finally, Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Here, the calls in question are factually similar, making the legal questions similar as well.

### (b)   Class Requirements Under Rule 23(b)

Rule 23(b) requires: (1) that the questions of law or fact common to class members predominate over any question affecting only individual members; and (2) that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. See Fed. R. Civ. P. 23(b).

First, as mentioned above, common questions of law and fact predominate in this case. The proposed class members share the legal issue of whether Defendant violated California's Privacy Act by recording telephone conversations without their consent. The common factual allegations shared by the class members include the procedures maintained by Defendant in recording the telephone conversations.

Second, to litigate individual claims against Defendant under the Privacy Act would lead to an inefficient use of both the Court's and the parties' resources. Judicial economy favors a class action in this case.

For these reasons, the proposed class in this case satisfies the statutory requirements. Furthermore, judicial economy favors a class action over individual litigation. Therefore, the settlement class is properly certified.

### 2.   *Fair, Adequate, and Reasonable Settlement*

Pursuant to Federal Rule of Civil Procedure 23(e), the Court may approve a settlement "only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e). When assessing the settlement, the Court must consider the following factors:

//
//
//

> [T]he strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a government participant; the reaction of the class members to the proposed settlement.

Staton, 327 F.3d at 959. In addition, the settlement may not be the product of collusion among the negotiating parties. See In re Mego Fin. Corp. Secs. Litig., 213 F.3d 454, 458 (9th Cir. 2000). Here, the factors favor settlement and the settlement was reached through vigorous arm's-length negotiations. The proposed settlement is therefore fair, adequate, and reasonable.

(a) Strength of Plaintiff's Case; the Risk, Expense, Complexity, and Likely Duration of Litigation; and the Stage of the Proceedings

Plaintiff maintains that they have a strong case, while Defendant has put forward plausible defenses. Specifically, Defendant contends that the calls involved would not satisfy the "confidential communication" requirement of the Privacy Act, and that a pending Ninth Circuit case could render Plaintiff's claims moot. The parties have also engaged in extensive discovery, including multiple rounds of written interrogatories and depositions. Class counsel has sufficient information necessary to evaluate the settlement. Finally, the likely duration of litigation—which already surpasses three years—combined with the expense of an extensive trial favors settlement in this case.

(b) Risk of Maintaining Class Action Status

Plaintiff faces a plausible risk that the class would either fail at certification or fail later in the proceeding where individualized inquiries could predominate over common issues. In the moving papers, the parties note that a motion for class certification would be hotly contested. Thus, this factor also favors settlement.

//

### (c) Amount of Settlement

According to the briefs, the proposed settlement in this case of $14,500,000 is the second highest settlement in Privacy Act cases. Given the number of valid claims returned, the per-claim payments will exceed $750. The proposed amount in this case favors settlement.

### (d) Experience and Views of Counsel

The declarations that accompany the briefs demonstrate that class counsel has sufficient experience in Privacy Act class actions. Class counsel can therefore properly form an opinion that the settlement is fair, reasonable, and in the best interest of the class members. This factor also favors settlement.

### (e) Class Members Response to Proposed Settlement

Only fourteen class members have requested exclusion from the class, and no class members have objected to the settlement. Given the low opt-out rate and the absence of objectors, this factor favors settlement.

### (f) Collusion

There is no evidence of collusion in this case. As discussed in detail below, although the proposed settlement includes a provision that allows the Plaintiff to file a motion for an award of attorneys' fees, expenses, and a class representative enhancement, the settlement itself is not conditioned on the acceptance of these provisions. Rather, the parties left any award up to the discretion of the Court. Moreover, this Court recognized in its August order granting preliminary approval that the settlement was reached as a result of intensive, serious, and arm's length negotiations over the course of three years. These negotiations included the use of an independent mediator to help facilitate the settlement. Because there is no evidence of collusion, this factor favors settlement.

//
//

### 3. Conclusion

The settlement class is proper, and the proposed settlement is fair, reasonable, and adequate. For the reasons discussed above, the Court **GRANTS** final approval of the settlement.

## B. Motion for Attorneys' Fees, Litigation Expenses, and Class Representative Enhancement

Also before the Court is Plaintiff's motion for an award of attorneys' fees, litigation expenses, and a proposed class representative enhancement. Plaintiff notes that the request is independent of the settlement offer, and that the total amount agreed to in the settlement was agreed upon without contingencies placed on the proposed awards, costs, and fees. Each award is discussed in turn.

### 1. Attorneys' Fees

Plaintiff requests $3,625,000 in attorneys' fees, calculated as 25% of the total settlement. In general, courts have an "independent obligation to ensure that the award, like the settlement itself, is reasonable." In re Online DVD-Rental Antitrust Litig., 779 F.3d 934, 949 (9th Cir. 2015) (quoting In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 941 (9th Cir. 2011)). The two primary methods for calculating the reasonableness of attorneys' fees in the Ninth Circuit are the percentage-of-recovery and lodestar methods. Online DVD-Rental, 779 F.3d at 949. Trial courts may determine that a proposed award is reasonable by cross-checking a proposed amount with either method. Id. Courts typically use 25% of the common fund as a "benchmark" for a reasonable fee award, although such a benchmark is merely a starting point. Bluetooth Headset, 654 F.3d at 942. The proposed award in this case is reasonable, both under the percentage-of-recovery method and under the lodestar approach.

//

### (a) Percentage-of-Recovery Method

Percentage-of-recovery fee awards are typically used in common-fund settlements because the benefit to the class is easily quantified. Id. Factors to consider in assessing a calculation under the percentage-of-recovery method include: (1) the extent to which class counsel achieved exceptional results for the class; (2) whether the case was risky for class counsel; (3) whether counsel's performance generated benefits beyond the cash settlement fund; (4) the market rate for the particular field of law; (5) the burdens class counsel experienced while litigating the case; and (6) whether the case was handled on a contingency basis. See Online DVD-Rental, 779 F.3d at 945-55 (citing Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048-50 (9th Cir. 2002)). Here, the factors weigh in favor of the proposed 25% award.

#### (i) Exceptional Results

The proposed $14,500,000 settlement for approximately 100,000 class members, according to the Plaintiff's brief, is the second highest recovery in a Privacy Act case. Moreover, the expected per-claim payout given the current number of valid claims is likely to exceed $750. See, e.g., Reed v. 1-800 Contacts, Inc., No. 12-cv-2359 JM, 2014 WL 29011 (S.D. Cal. Jan. 2, 2014) (approving an attorneys' fee award equivalent to 25% where the per-claim payment was just over $600). Because the settlement award in this case is exceptional, this factor weighs in favor of the award.

#### (ii) Risk for Class Counsel

During these proceedings, Defendant continuously asserted that the proposed class would not be certified given predominantly individualized issues. Moreover, the parties disputed whether the communication was indeed "confidential" as required under the Privacy Act. For these reasons, the case was risky for class counsel, and this factor therefore favors the 25% award.

//

*(iii)   Benefits Beyond Cash Settlement*

As part of the settlement agreement, the Defendant has agreed to stop recording the calls from any person who is using a California telephone number during the call without first informing the person that their call may be recorded. Defendant contends that this may or may not be necessary under the law, given that the disputed calls may or may not fall under the Privacy Act. Thus, because the settlement contains benefits beyond the common fund, this factor weighs in favor of the award.

*(iv)   Market Rate*

Class counsel cites cases that awarded attorneys' fees at or around the proposed rate in this case. From the declarations, class counsel notes that their firm is experienced in handling class actions, including class actions that involve California Privacy Act claims. This factor also weighs in favor of the award.

*(v)   Burdens on Class Counsel*

Class counsel spent substantial time and incurred over $100,000 in expenses. Class counsel was burdened by spending resources on a case that had no promise of reimbursement. Thus, this factor weighs in favor of the award.

*(vi)   Contingency Fee Basis*

Class counsel states in a declaration that the lawsuit was filed on a contingency fee basis. Thus, given the risk associated with receiving nothing in the event of an adverse verdict, this factor favors the proposed award.

In sum, the factors favor the award. Therefore, under a percentage-of-recovery analysis, the award is reasonable.

(b)   <u>Lodestar Method</u>

Plaintiff's proposed 25% award is also reasonable when cross-checked using the Lodestar method. The Lodestar method is typically used where the class action is brought under a fee-shifting statute and the relief sought is

//

primarily injunctive in nature and not easily monetized. Bluetooth Headset, 654 F.3d at 941. The lodestar figure is calculated by "multiplying the number of hours the prevailing party reasonably expended on the litigation . . . by a reasonable hourly rate for the region and for the experience of the lawyer." Id. (quoting Stanton, 327 F.3d at 965). The calculated figure is presumed reasonable, but courts may adjust the figure upward or downward by an appropriate multiplier reflecting "a host of reasonableness factors, including the quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." Bluetooth Headset, 654 F.3d at 941-42 (quoting Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1998)).

*(i)   Lodestar Figure*

Here, class counsel's declaration states that a total of 3,268.6 hours were expended on this case, resulting in total fees of $1,492,470.[2] To reach the proposed 25% figure requires a multiplier of 2.43. Plaintiff notes that this multiplier is "very much in line with multipliers that have been approved by California and Federal Courts." Moreover, Plaintiff contend that the proposed hourly rates are modest given the experience of the attorneys and the complexity of the case.

*(ii)   Reasonableness Factors*

The factors considered in multiplying the lodestar figure are similar to the factors discussed above in the percentage-of-recovery method. These factors include "the quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment."

---

[2] Three partners and three paralegals worked on this case, and their proposed billing rates are explained in the briefs. This calculation is the sum of each attorney's hours multiplied by that attorney's billing rate.

Bluetooth Headset, 654 F.3d at 941-42. As noted above, the settlement amount is substantial in comparison with other Privacy Act cases. Furthermore, given that the Defendant asserts plausible defenses, a risk of nonpayment was significant when class counsel agreed to take this case. Finally, the scope of this class action, both in duration and in complexity, merits a positive multiplier. Thus, the 2.43 multiplier, which would equal the proposed 25% award, is reasonable in this case.

Because the 25% award for attorneys' fees is reasonable both under the percentage-of-recovery method and when cross-checked with the lodestar method, Plaintiff's motion for attorneys' fees is **GRANTED**.

### *2.   Litigation Expenses*

When calculating litigation expenses, "the Court is reminded that it is generally not the practice of an attorney to bill a client for every expense incurred in connection with the litigation in question, and the attorney is expected to absorb some of the cost of doing business as an attorney." In re Immune Response Secs. Litig., 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) (internal quotations and citations omitted). An award of expenses should thus be limited to "typical out-of-pocket expenses that are charged to a fee paying client and should be reasonable and necessary." Id.

Plaintiff's counsel requests $106,064.78 in litigation expenses. Here, Plaintiff submitted supplemental briefing that included a detailed breakdown of the litigation expenses they request. (See ECF No. 121.) Upon review, the Court finds only two expenses to be unreasonable, and reduces Plaintiff's requested amount by $1,167.33.[3]

---

[3] Plaintiff requested $1,502.64 for two nights of a three-night stay at the Wynn Hotel in Las Vegas. Because Plaintiff was only charged $344.88 for the first night, the Court finds that $669.76 is the reasonable price for the two nights in question. Plaintiff also requested $483.41 for a stay at the Trump Hotel in Las Vegas. Because Plaintiff was charged $148.96 per night

For these reasons, Plaintiff's request for litigation expenses is **GRANTED** for the amount of $104,897.45.

### 3. *Class Representative Enhancement*

Class representative enhancements are incentives that award a representative for their service to the class in bringing the lawsuit. <u>Radcliffe v. Experian Info. Solutions</u>, 715 F.3d 1157, 1163 (9th Cir. 2013). Incentive awards are discretionary, but are typical in class action cases where they are intended to "compensate representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." <u>Rodriguez v. W. Publ'g Corp.</u>, 563 F.3d 948, 958-59 (9th Cir. 2009). District courts "must scrutinize carefully the awards so that they do not undermine the adequacy of the class representatives." <u>Radcliffe</u>, 715 F.3d at 1163.

Plaintiff Mirkarimi seeks a $30,000 enhancement award in this case. In the accompanying declaration, Plaintiff alleges a total of 120 hours of work, both preparing for and participating in the litigation. (ECF No. 115.) Furthermore, Plaintiff states that the amount requested is comparable to the amount of money he would have made devoting his time to his law practice—where he bills at a rate of $375 per hour—instead of the class action. (<u>Id.</u>) Finally, Plaintiff notes that he was approached with a $30,000 settlement offer in early 2014, which he refused because other class members would have no way of knowing that their calls were being recorded. (<u>Id.</u>)

Here, a $30,000 enhancement award is proper. The award is independent of the final settlement approval and Plaintiff took an active role in the litigation, taking time away from his law practice to assist class counsel in this case. By

---

for the previous three nights, the Court finds that $148.96 is a reasonable expense for the fourth night.

taking time out of his practice, Plaintiff took a financial risk. Moreover, the $30,000 award is reasonable given the comparison between the initial settlement amount proposed to Plaintiff and with the current settlement agreement of $14,500,000, which Plaintiff helped secure. For these reasons, Plaintiff's request for a class representative enhancement is **GRANTED**.

### III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's motion for final class action approval and **GRANTS** Plaintiff's motion for attorneys' fees, litigation expenses, and a class representative enhancement.

**IT IS SO ORDERED.**

Dated:  February 29, 2016

*Barry Ted Moskowitz*
Barry Ted Moskowitz, Chief Judge
United States District Court

13

12cv2160 BTM (DHB)

taking time out of his practice, Plaintiff took a financial risk. Moreover, the $30,000 award is reasonable given the comparison between the initial settlement amount proposed to Plaintiff and with the current settlement agreement of $14,500,000, which Plaintiff helped secure. For these reasons, Plaintiff's request for a class representative enhancement is **GRANTED**.

### III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's motion for final class action approval and **GRANTS** Plaintiff's motion for attorneys' fees, litigation expenses, and a class representative enhancement.

**IT IS SO ORDERED.**

Dated:  February 29, 2016

*[signature]*
Barry Ted Moskowitz, Chief Judge
United States District Court